IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PETER L. HARRIS,                                                PLAINTIFF

V.                                                  NO. 1:06CV324-M-B

ATTALA CO. JAIL, et al.,                                    DEFENDANTS

## ORDER DISMISSING CLAIM AND CLOSING CASE

Upon further consideration of the 42 U.S.C. §1983 complaint and the files and records in this action, the court finds that Plaintiff, an inmate at the Wilkinson County Correction Center, has failed to exhaust the Administrative Remedy Program of the Mississippi Department of Corrections in accordance with 42 U.S.C. § 1997e. The statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff's own complaint indicates that he has even initiated the first step of the administrative remedy program.

Therefore, Plaintiff's admitted failure to exhaust available administrative remedies, indicates that this 1983 action is premature. *See*, *Porter v. Nussle*, 122 S. Ct. 983, 534 U.S. 516 (2002) (exhaustion of administrative remedies is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes).

Therefore, it is hereby

**ORDERED** that the cause be DISMISSED without prejudice for failure to exhaust administrative remedies and this case is CLOSED.

THIS the 13th day of December, 2006.

                                               **/s/ Michael P. Mills**
                                               **UNITED STATES DISTRICT JUDGE**